IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JESUS GOMEZ | ) | PLAINTIFF |
| | ) | DEMANDS |
| Plaintiff, | ) | TRIAL BY JURY |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| OFFICER RODARTE #5319 AND OFFICER VINCENT RYAN | ) | Judge |
| | ) | |
| | ) | Magistrate |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES Plaintiff JESUS GOMEZ by and through his attorneys, THE LAW OFFICES OF SCOTT T. KAMIN, and complaining against Defendants, OFFICER RODARTE and OFFICER VINCENT RYAN, states as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

### VENUE

2. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

3. Upon belief, both defendants reside in the State of Illinois and the Northern District of

Illinois.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

5. Plaintiff ("Plaintiff or Jesus") is a resident of Cook County, Illinois which is located in the Northern District of Illinois.

6. Upon belief, Defendant Officer Rodarte ("Rodarte") was, at all times relevant to this action, employed by the City of Chicago as an officer with the Chicago Police Department.

7. Upon belief, Defendant Officer Vincent Ryan ("Ryan") was, at all times relevant to this action, employed by the City of Chicago as a police officer with the Chicago Police Department

8. Both individual defendants are sued in their individual capacities.

## FACTS

9. On July 23, 2015 at about 10:17 p.m., the individual defendants were driving a marked squad car in an alley in the vicinity of 9852 S. Avenue H in Chicago.

10. The defendants stopped a car parked in the alley, driven by Plaintiff, with a passenger in the front passenger seat.

11. The defendants believed without cause that the car was related to a battery in progress alleged to be occurring in the house near Plaintiff's parked car.

12. Nevertheless, Defendants got out of their squad car and approached Plaintiff's car to conduct a field interview (requiring at least a reasonable suspicion).

13. Defendant Ryan went to the driver's side of the stopped car and Defendant Rodarte went to the passenger's side.

14. The defendants claimed Plaintiff and his passenger had guns hidden underneath their seats. The defendants also claimed Plaintiff had neither a FOID card or a concealed carry permit and arrested him for illegal possession of one of the firearms ("UUW"). However there was a record of Plaintiff's possession of a valid FOID card easily accessible to the defendants.

15. The defendants lied in their reports, lied to the prosecutors to get them to prosecute the alleged UUW and lied to the grand jury - regarding the firearms being found under the car seats and loaded .45 caliber firearm magazines on Plaintiff's person and under Plaintiff's seat. The grand jury based its August 24, 2015 indictment on these lies.

16. In fact, the two firearms possessed by Plaintiff were properly and lawfully stowed in the center console of his car. There was no basis for an arrest of Plaintiff.

17. Plaintiff spent 43 days in custody pending the prosecution on these charges and during the course of the prosecution.

18. Once prosecutors learned that Defendants were lying, they dropped the charges – in January of 2019.

19. As a result of the false arrest and subsequent prosecution based solely on the lies of both Defendants, Plaintiff was forced to spend time in jail, he was unable to continue care for his father, who lived out of state, he was unable to get approval as an Uber driver until his case was dismissed, he suffered through the unfounded prosecution, he was forced to sell his business equipment to bond out, while on bond he lost ten percent of the bond, he was

forced to pay attorneys' fees for his defense of the unfounded charge of UUW, and he was forced to close his business flipping houses, among other emotional and pecuniary injuries caused by the pretrial restraints

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE UNDER THE 4TH AND 14TH AMENDMENTS THROUGH 42 U.S.C. § 1983

20. Plaintiff restates and realleges all the statements made in paragraphs 9-18 of this Complaint as though fully set forth herein.

21. On July 23, 2015, Plaintiff was falsely arrested by the individual defendants.

22. There was no probable cause to search Plaintiff's car,or to arrest Plaintiff based on the illegal search. Defendants' seach and the arrest of Plaintiff was effected in violation of Plaintiff's Fourth and 14th Amendment rights to be free from unreasonable seizure.

23. As a result of the false arrest and subsequent prosecution based solely on the lies of both Defendants, Plaintiff was forced to spend time in jail, he was unable to continue care for his father during the pendency of the prosecution because his father lived out of state, he was unable to get approval as an Uber driver until his case was dismissed, he suffered through the unfounded prosecution ending in January 2019, he was forced to sell his business equipment to bond out; as a criminal defendant no one would sell him new equipment until the criminal case ended, while on bond he lost ten percent of the bond which he could not recoup, he was forced to pay attorneys' fees for his defense of the unfounded charge of UUW, and he was forced to close his business flipping houses, among other emotional and pecuniary injuries caused by the pretrial restraints.

WHEREFORE Plaintiff respectfully requests that this Court enter judgment against the defendants, and:

    a.    award compensatory damages in an amount not less than $300,000.00;
    b.    grant punitive damages against the individual defendants in an amount not less than $20,000.00 each;
    c.    award Plaintiff his attorneys' fees and costs; and
    d.    grant Plaintiff such further relief as this Court deems equitable and just.

Respectfully submitted,

/s/ Scott T. Kamin
Attorney for Plaintiff

Scott T. Kamin
Law Offices of Scott T. Kamin
55 E. Monroe #3800
Chicago, IL  60603
(312) 307-8848
Ill. Attorney No.: 6226855