# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JESUS GOMEZ ) | |
| ) | Case No. 20 CV 6051 |
| Plaintiff, ) | |
| ) | Judge Robert W Gettleman |
| v. ) | |
| ) | Magistrate Jeffrey Cummings |
| OFFICER RODARTE #5319 and ) | |
| OFFICER VINCENT RYAN ) | |
| ) | |
| Defendants. ) | |

## OFFICER RODARTE'S ANSWER TO PLAINTIFF'S COMPLAINT

Officer Ricardo Rodarte ("Defendant") answers Plaintiff Jesus Gomez's complaint as follows:

### JURISDICTION

1. This action arises under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments of the United States Constitution. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

**ANSWER:** Admitted.

### VENUE

2. Venue is provided under 28 U.S.C. §§ 1391(b)(1) and (b)(2) in "a judicial district where any defendant resides, if all defendants reside in the same State" or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred...."

**ANSWER:** Admitted.

3. Upon belief, both defendants reside in the State of Illinois and the Northern District of Illinois.

**ANSWER:** Defendant admits the allegations in this paragraph as they pertain to him and admits upon information and belief the allegations in this paragraph as they pertain to Vincent Ryan.

4. The events giving rise to the claim involved in this cause occurred in the Northern District of Illinois, Eastern Division.

1

**ANSWER:** Defendant admits that the events in dispute occurred in the Northern District of Illinois but denies any wrongdoing alleged herein.

## PARTIES

5. Plaintiff ("Plaintiff or Jesus") is a resident of Cook County, Illinois which is located in the Northern District of Illinois.

**ANSWER:** Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

6. Upon belief, Defendant Officer Rodarte ("Rodarte") was, at all times relevant to this action, employed by the City of Chicago as an officer with the Chicago Police Department.

**ANSWER:** Admitted.

7. Upon belief, Defendant Officer Vincent Ryan ("Ryan") was, at all times relevant to this action, employed by the City of Chicago as a police officer with the Chicago Police Department.

**ANSWER:** Admitted upon information and belief.

8. Both individual defendants are sued in their individual capacities.

**ANSWER:** Admitted.

## FACTS

9. On July 23, 2015 at about 10:17 p.m., the individual defendants were driving a marked squad car in an alley in the vicinity of 9852 S. Avenue H in Chicago.

**ANSWER:** Admitted.

10. The defendants stopped a car parked in the alley, driven by Plaintiff, with a passenger in the front passenger seat.

**ANSWER:** Defendant denies that the car was parked but admits the remaining allegations in this paragraph.

11. The defendants believed without cause that the car was related to a battery in progress alleged to be occurring in the house near Plaintiff's parked car.

**ANSWER:** Denied.

12. Nevertheless, Defendants got out of their squad car and approached Plaintiff's car to conduct a field interview (requiring at least a reasonable suspicion).

**ANSWER:** Defendant makes no answer as to the legal standard applicable to "field interviews," as that is a legal conclusion, and admits the remaining allegations in this paragraph.

13. Defendant Ryan went to the driver's side of the stopped car and Defendant Rodarte went to the passenger's side.

**ANSWER:** Admitted.

14. The defendants claimed Plaintiff and his passenger had guns hidden underneath their seats. The defendants also claimed Plaintiff had neither a FOID card or a concealed carry permit and arrested him for illegal possession of one of the firearms ("UUW"). However there was a record of Plaintiff's possession of a valid FOID card easily accessible to the defendants.

**ANSWER:** Defendant admits that there were guns under the driver and passenger seat but denies the characterization that they were hidden. Defendant admits Plaintiff did not produce a FOID card or a concealed carry license and that Defendant arrested Plaintiff for illegal possession of a firearm. Defendant denies the remaining allegations in this paragraph.

15. The defendants lied in their reports, lied to the prosecutors to get them to prosecute the alleged UUW and lied to the grand jury - regarding the firearms being found under the car seats and loaded .45 caliber firearm magazines on Plaintiff's person and under Plaintiff's seat. The grand jury based its August 24, 2015 indictment on these lies.

**ANSWER:** Denied.

16. In fact, the two firearms possessed by Plaintiff were properly and lawfully stowed in the center console of his car. There was no basis for an arrest of Plaintiff.

**ANSWER:** Denied.

17. Plaintiff spent 43 days in custody pending the prosecution on these charges and during the course of the prosecution.

**ANSWER:** Defendant lacks sufficient information or knowledge to form a belief as to the truth of the allegations in this paragraph.

18. Once prosecutors learned that Defendants were lying, they dropped the charges in January of 2019.

**ANSWER:** Denied.

19. As a result of the false arrest and subsequent prosecution based solely on the lies of both Defendants, Plaintiff was forced to spend time in jail, he was unable to continue care for his father, who lived out of state, he was unable to get approval as an Uber driver until his case was dismissed, he suffered through the unfounded prosecution, he was forced to sell his business

equipment to bond out, while on bond he lost ten percent of the bond, he was forced to pay attorneys' fees for his defense of the unfounded charge of UUW, and he was forced to close his business flipping houses, among other emotional and pecuniary injuries caused by the pretrial restraints

**ANSWER:** Defendant denies that Plaintiff's arrest and subsequent prosecution were based on lies and therefore denies the allegations in this paragraph.

## COUNT I
## UNREASONABLE SEARCH AND SEIZURE UNDER THE 4th AND 14th AMENDMENTS THROUGH 42 U.S.C. § 1983

20. Plaintiff restates and realleges all the statements made in paragraphs 9-18 of this Complaint as though fully set forth herein.

**ANSWER:** Defendant restates his answers to the allegations in paragraph 9-18 above.

21. On July 23, 2015, Plaintiff was falsely arrested by the individual defendants.

**ANSWER:** Denied.

22. There was no probable cause to search Plaintiff's car or to arrest Plaintiff based on the illegal search. Defendants' search and the arrest of Plaintiff was effected in violation of Plaintiff's Fourth and 14th Amendment rights to be free from unreasonable seizure.

**ANSWER:** Denied.

23. As a result of the false arrest and subsequent prosecution based solely on the lies of both Defendants, Plaintiff was forced to spend time in jail, he was unable to continue care for his father during the pendency of the prosecution because his father lived out of state, he was unable to get approval as an Uber driver until his case was dismissed, he suffered through the unfounded prosecution ending in January 2019, he was forced to sell his business equipment to bond out; as a criminal defendant no one would sell him new equipment until the criminal case ended, while on bond he lost ten percent of the bond which he could not recoup, he was forced to pay attorneys' fees for his defense of the unfounded charge of UUW, and he was forced to close his business flipping houses, among other emotional and pecuniary injuries caused by the pretrial restraints.

**ANSWER:** Defendant denies that Plaintiff's arrest and subsequent prosecution were based on lies and therefore denies the allegations in this paragraph.

## JURY DEMAND

Defendant hereby requests a trial by jury.

# AFFIRMATIVE DEFENSES

1. At all relevant times Defendant was a government official, namely a police officer, who performed discretionary functions. A reasonable police officer, objectively viewing the facts and circumstances that confronted Defendant could have believed his or her actions to be lawful, in light of clearly established law and the information that Defendant possessed. Defendant is therefore entitled to qualified immunity.

2. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in the case.

3. Defendant is entitled to absolute immunity for any testimony given during grand jury proceedings or at trial.

Respectfully submitted,

*/s/ Brian Wilson*
Brian Wilson, Assistant Corporation Counsel
Evan Scott, Assistant Corporation Counsel
Gregory Beck, Supervising Assistant Corporation Counsel
Federal Civil Rights Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602